IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01378-WYD

INSTITUTIONAL MARKETING CONCEPTS, INC.,
     a Colorado corporation,

     Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,
     a foreign corporation;
MERRILL LYNCH LIFE AGENCY, INC.,
     a foreign corporation;
MERRILL LYNCH LIFE INSURANCE COMPANY, INC.,
     a foreign corporation; and
BANK OF AMERICA, INC.,
     a foreign corporation,

     Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal of State Court Action (docket #1), filed June 12, 2009.  By way of background, this case arises from the Defendants' alleged wrongful termination of a business relationship with the Plaintiff.

On June 12, 2009, Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. and Merrill Lynch Life Agency, Inc. filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendants stated that Defendant Merrill Lynch Life Insurance Company, Inc. consents to the removal of this action and attached an exhibit evidencing the consent.  Defendants asserted in the notice of removal that the amount in controversy requirement was satisfied.  Further,

Defendants asserted that while Plaintiff is a citizen of the State of Colorado, Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. is a Delaware corporation, Defendant Merrill Lynch Life Agency, Inc. is a Washington corporation, and Defendant Merrill Lynch Life Insurance Company, Inc. is an Arkansas corporation.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id.* The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the amended complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). I note that there is no reference to any dollar amount in the state court amended complaint. Further, there is no reference to any damage amount in the "damages" section of the amended complaint. In fact, the final paragraph of the amended complaint states that the "Plaintiff prays for and demands an award of

damages to be fixed by the trier of fact in a reasonable amount, including compensatory damages." (Am. Compl. at 14.)  Thus, I turn to the notice of removal.  The notice of removal merely states that "Plaintiff's First Amended Complaint alleges they are entitled to damages in excess of $75,000.00 based on promissory estoppel, unjust enrichment, intentional interference with contract and prospective economic advantage, and breach of fiduciary duty." (Notice of Removal ¶ 3.)  That is the only allegation in the notice of removal regarding the amount in controversy.  I find that the Defendants have failed to meet their burden of affirmatively establishing the amount in controversy on the face of either the petition or the notice of removal.  The notice of removal's vague reference to the amount in controversy is not sufficient to establish that the jurisdictional amount is satisfied.

As an alternate ground for remand, I note that the notice of removal makes no mention of Defendant Bank of America, Inc.  "As judicially interpreted, [29 U.S.C.] § 1446(b) requires all served defendants, except nominal defendants, to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served." *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) (citation omitted).  "A petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Id.* (citation omitted).  Section 1446(c) requires that, if it clearly appears on the face of the notice that removal should not be permitted, the court should make an order for summary remand. *Id.*  After reviewing the file in this matter, it is clear that Defendant Bank of America, Inc. was served with the amended complaint on May 18, 2009, well

before Defendants filed their notice of removal. Accordingly, because there is no explanation for the absence of Defendant Bank of America, Inc. in the notice of removal, I find that the notice of removal is defective.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Denver County Colorado District Court from which the case was removed.

Dated: June 15, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge