IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01378-WYD

INSTITUTIONAL MARKETING CONCEPTS, INC.,
 a Colorado corporation,

 Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,
 a foreign corporation;
MERRILL LYNCH LIFE AGENCY, INC.,
 a foreign corporation;
MERRILL LYNCH LIFE INSURANCE COMPANY, INC.,
 a foreign corporation; and
BANK OF AMERICA, INC.,
 a foreign corporation,

 Defendants.

**ORDER**

THIS MATTER is before the Court on the Unopposed Motion for Reconsideration of Order Remanding Matter to State Court, or in the Alternative, A Motion for Leave to File Evidence of Satisfaction of Jurisdictional Amount (docket #10), filed June 30, 2009. Defendants seek reconsideration of the Order of Remand dated June 15, 2009.  In that Order I found that Defendants had not established subject matter jurisdiction over this case as they did not show that the amount in controversy for diversity jurisdiction exceeded $75,000.  As an alternate ground for remand, I found the Notice of Removal to be defective as there was no mention of Defendant Bank of America.

In their motion for reconsideration, Defendants put forth several exhibits in

support of their argument that the amount in controversy requirement is satisfied in this case. The Defendants state that while the First Amended Complaint does not include a damage amount, Plaintiff's Notice to be Exempt from C.R.C.P 16., the accompanying District Court Civil Cover Sheet, and a stipulation by counsel are sufficient to show that the amount in controversy exceeds $75,000.

Turning to my analysis, I first note that reconsideration is not appropriate in connection with an Order of Remand. A removing party may cure faulty allegations in a notice of removal by filing an amended notice of removal pursuant to 28 U.S.C. § 1653. Following remand, however, "the district court is wholly deprived of jurisdiction to vacate or correct its remand order. The remand order returns the case to the state court and the federal court has no power to retrieve it." *Seedman v. United States District Court for the Central District of California,* 837 F.2d 413, 414 (9th Cir.1988). This is true "even if the district court's jurisdictional determination appears erroneous, so long as that determination was made in good faith." *Dalrymple v. Grand River Dam Authority*, 145 F.3d 1180, 1184 (10th Cir.1998).

Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand. *See e.g., Dalrymple,* 145 F.3d at 1184; *Whiddon Farms, Inc. v. Delta and Pine Land Co.,* 103 F. Supp. 2d 1310, 1311 (S.D. Ala. 2000). Similarly, other district courts in this circuit, relying on opinions from the First, Fourth, and Eleventh Circuits, have determined that they do not have jurisdiction to reconsider remand orders. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschraft*, 67 F. Supp. 2d 1242, 1244-45 (D. Kan. 1999); *Scherer v. Merck &*

*Co.*, No. 05-2019-CM, 2006 WL 2255689 (D. Kan. 2006).  As noted by Judge Vratil of the United States District Court for the District of Kansas:

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed . . . and the state court proceedings are to be interfered with once, at most.  This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity.  The action must not ricochet back and forth depending upon the most recent determination of a federal court.

*Aetna*, 67 F. Supp. 2d at 1244-45 (citing *In re La Providencia Development Corp.*, 406 F.2d 251, 252-54 (1st. Cir. 1969)).  This conclusion is based upon the plain language of § 1447(d), which states that a district court "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d); *see also Aetna*, 67 F. Supp. 2d at 1245.

In any event, I find that Defendants did not show that the allegations in the First Amended Complaint or the Notice of Removal establish that the amount in controversy exceeds $75,000.  While the Defendants attached additional documentation to the motion to reconsider (the Plaintiff's Notice to be Exempt from C.R.C.P 16.1, the accompanying District Court Civil Cover Sheet, and a stipulation by counsel), they failed to include these materials in their Notice of Removal.  Additionally, a number of cases from this Court have held that reliance on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein.  *See Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1211 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-

MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.,* Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

Moreover, in their motion, the Defendants also explain the absence of Defendant Bank of America from the Notice of Removal. However, since this information was not included in the Notice of Removal, I still find the original notice to be defective. In short, even with the additional information proffered by the Defendants, I am unable to determine from the face of the First Amended Complaint or the allegations contained in the Notice of Removal that the amount in controversy requirement is satisfied. Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I find that remand to the state court was appropriate.

Accordingly, it is

ORDERED that the Unopposed Motion for Reconsideration of Order Remanding Matter to State Court, or in the Alternative, A Motion for Leave to File Evidence of Satisfaction of Jurisdictional Amount (docket #10) is **DENIED**.

Dated: July 7, 2009

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          Chief United States District Judge